# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2127 | **DATE** | 7/10/2002 |
| **CASE TITLE** | Gillo vs. Chicago Reform Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing set for today stricken. Enter memorandum opinion and order. The Board's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 1 2 2002 | |
| ✓ | Docketing to mail notices. | date docketed | 31 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 02 JUL 11 PH 4: 52 FILED-ED 10 Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKET
JUL 1 2 20.

PETER T. GILLO,                          )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )    No.  99 C 2127
                                         )
CHICAGO REFORM BOARD OF                  )    Judge George M. Marovich
EDUCATION,                               )
                                         )
            Defendant.                   )

MEMORANDUM OPINION AND ORDER

Plaintiff Peter T. Gillo ("Gillo") filed this action against

Defendant Chicago Reform Board of Education (the "Board")

alleging retaliation in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as

amended the Civil Rights Act of 1991, and 42 U.S.C. § 1983 and

employment discrimination in violation of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.  The

Board now moves for summary judgment.  For the reasons set forth

below, the Board's motion is granted.

BACKGROUND

Unless otherwise noted, the following facts are undisputed.

Gillo, who is deaf, was hired by the Board in September 1979 to

work as a teacher for the hearing impaired at Whitney Young High

School.  In 1993, the Board changed the name of the hearing

impaired program and ordered Gillo to reapply for a teaching

position in the newly renamed program.  Gillo was not hired for

1



the restructured teaching position and as a result he filed an employment discrimination suit in another federal court in this district against the Board.

Gillo was transferred by the Board to Mahalia Jackson School as a teacher for the deaf and hard of hearing for 1993 through 1994. In 1994, Gillo was hired by Principal Deborah Clark ("Clark") to fill an open teaching position at Mark Skinner Elementary School ("Skinner Elementary"). Gillo's job performance rating at Skinner Elementary was "superior" for each of the years he taught there.

In the Spring of 1997, DAMMCO, a private consultant group, audited the Chicago Public Schools that had special education programs, including Skinner Elementary. The audit reviewed finances, teacher-pupil ratios and other factors. DAMMCO recommended that Skinner Elementary close seven teaching and staff positions as unnecessary given the number of students and the needs of the special education students being served. Clark appealed the recommendation to the Board. On May 7, 1997, the Board instructed Clark to close two vacant staff positions, three filled staff positions and seven teaching positions. The decision of which positions to close was based strictly on seniority, not job performance, in accordance with the Board policy on reassigned teachers, and the Board's contract with the teachers' union. The seniority determinations were made by the

Office of Recruitment and Staffing, of the Department of Human

Resources and sent to Clark. On June 24, 1997, Clark prepared

and returned the "Position Close" forms for each closed position

to the Board Office. Among those positions was Gillo's. The

Board was granted summary judgment in Gillo's previous lawsuit

against them on July 30, 1997.

Teachers whose positions were eliminated in June 1997 were

given the status of "reassigned teachers". Letters and job

search information was sent to them in August 1997. Gillo was

also given lists of vacancies, application information and some

level of job search assistance from the Department of Human

Resources.[1] Gillo submitted a number of applications to various

principals for their consideration. Assuming an applicant had

appropriate certification, all teacher hiring decisions were

within the sole discretion of the school principals. The Board

could not place a teacher in any vacancy. Gillo went on a number

of interviews, but none of the principals hired him.

---

[1] Gillo admits in his response to the Board's 56.1 statement
that, at a minimum, he was given assistance in filling out
applications, scheduling interviews and was provided other
assistance. The Board's motion to strike paragraphs 7, 8 and 10
of Gillo's statement of facts in opposition to the Board's 56.1
statement is granted as these paragraphs dispute his own
testimony and create sham issues of fact. Bank of Illinois v.
Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1168 (7th
Cir. 1996).

## DISCUSSION

## I. Standards for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The record "and all reasonable inferences drawn from it [are to be viewed] in the light most favorable to the party opposing the motion." Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 226 (7th Cir. 1995).

## II. Retaliation Claim

Gillo's Complaint asserts that the Board discriminated against him in retaliation for a prior lawsuit over alleged discrimination by the Board. Title VII prohibits, inter alia, an employer from discriminating "against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation, Gillo must establish that he engaged in a protected expression and that as a result he suffered an adverse employment action by his employer. Stone v. City of Indianapolis Public Util. Div., 281 F.3d 640, 642 (7th Cir. 2002). The Board does not dispute that Gillo engaged in a protected expression or that he suffered an adverse employment action, but it contends that Gillo fails to establish

4

that the adverse employment action was the result of the

protected expression.  The Court agrees that Gillo has failed to

produce any evidence beyond his own conjecture that his position

was eliminated or he was not hired for another position because

of his lawsuit.  Without evidence to support the fact that the

adverse employment action was the result of his protected

expression, this claim cannot survive summary judgment.

III. Americans with Disabilities Act Claims

Gillo also asserts that the Board discriminated against him

by terminating him because of a disability in violation of the

ADA.  The ADA provides in pertinent part that:

> no covered entity shall discriminate
>
> against a qualified individual with
>
> a disability because of the disability
>
> of such individual in regard to . . .
>
> the ... discharge of employees[.]

42 U.S.C. § 12112(a) (1998).

There are two types of ADA disability discrimination claims:

(1) disparate treatment claims, alleging that a qualified

individual with a disability was treated differently than

non-disabled employees due to her disability, see Sieberns v.

WalMart Stores, Inc., 125 F.3d 1019, 1021-22 (7th Cir. 1997), and

(2) failure to provide a reasonable accommodation claims,

alleging that the employer did not make a reasonable

accommodation for the known physical or mental limitations of an

otherwise qualified individual.  Id. at 1022.  Here, Gillo has

raised a disparate treatment type of disability discrimination

claim.

"As with other federal anti-discrimination statutes, an ADA

plaintiff may prove disparate treatment either by presenting

direct evidence of discrimination, or she may prove it indirectly

using the McDonnell Douglas burden-shifting method."  Hoffman v.

Caterpillar, Inc., 256 F.3d 568, 572 (7th Cir. 2001).  Here,

Gillo solely attempts to prove discrimination through the

indirect burden-shifting method.  The mechanics of proving

discrimination pursuant to the indirect burden-shifting analysis

are well-settled:

> If the plaintiff establishes a prima facie
>
> case, there is a rebuttable presumption of
>
> discrimination and the employer must offer
>
> a legitimate, nondiscriminatory or non-
>
> retaliatory reasons for the adverse employment
>
> action. If the employer gives a legitimate,
>
> nondiscriminatory reason for the adverse
>
> employment action, the plaintiff must prove
>
> this reason is mere pretext for discrimination.

Payne v. Milwaukee County, 146 F.3d 430, 433 (7th Cir.1998).

Courts need not, however, labor through the entire

burden-shifting exercise in every case.  Instead, "[w]hen the

defendant has proffered an explanation for termination that the

court determines to be non-pretextual, the court may avoid deciding whether the plaintiff has met his prima facie case and instead decide to dismiss the claim because there is no showing of pretext." Abioye v. Sundstrand Corp., 164 F.3d 364, 368 (7th Cir. 1998). The Court finds that this is such a case and, therefore, will turn directly to the pretext analysis.

Gillo has presented no evidence to prove that the Board's proffered reason for closing his position was pretextual. The Board asserted that it closed a certain number of positions by seniority based on the recommendation of an independent auditor. Again, Gillo merely provides his own conspiracy theories unsupported by any evidence in the record. This is insufficient to show pretext and therefore summary judgment on this claim must be entered.

CONCLUSION

For the foregoing reasons, the Board's motion for summary judgment is granted.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: July 10 2002